RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 JAN 21  P 3:38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RONALD J. JACKSON, ) | C. A. No. 2:08-0176-TLW-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Ronald J. Jackson, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits in March 2000 that was denied initially and upon reconsideration, and in a decision dated June 17, 2002, after a hearing before an administrative law judge. Thereafter, the plaintiff did not further pursue his administrative remedies.

Plaintiff again filed an application for supplemental security income benefits in February 2003, and filed an application for disability insurance benefits in March 2003. They were denied initially and upon reconsideration. Again, thereafter, the plaintiff did not further pursue his administrative remedies.

The plaintiff filed the current application for disability insurance benefits on March 1, 2004, and protectively filed an application for supplemental security income benefits on February 6, 2004. The plaintiff alleges that he became unable to work on November 17, 1999, due to fibromyalgia, rheumatoid arthritis, chronic fatigue syndrome (CFS), and depression. The applications were denied initially and on reconsideration by the Social Security Administration. On March 23, 2005, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with a non-attorney representative, his cousin, Karen Bray, and Luther D. Pearsall, Ph.D., a vocational expert (Tr. 374-411), considered the case de novo, and on May 8, 2007, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 16-27). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on December 13, 2007.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following

findings of the administrative law judge:

> 1. The claimant met the insured status requirements of the Social Security Act through September 30, 2005, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since June 18, 2002, the determined alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.). . . .
>
> 3. The plaintiff has the following severe impairments: fibromyalgia, degenerative disc disease, and chronic fatigue syndrome (20 CFR 404.1520(c) and 416.920(c)). . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 405.1526, 416.920(d), 416.925 and 416.962). . . .
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work, including lifting up to twenty pounds occasionally and ten pounds frequently, standing and walking for at least six hours of the work day, sitting throughout the work day. His residual functional capacity is further restricted to preclude more than occasional stooping, crouching, kneeling; no climbing of ladders, ropes, and scaffolds, balancing, or crawling; and no exposure to vibration or loud background noise. He should work alone or with a small group of coworkers. . . .
>
> 6. The claimant is capable of performing past relevant work as a security officer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). . . .
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June

18, 2002, through the date of this decision (20
CFR 404.1520(f) and 416.920(f)).

Tr. 19-27.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20

C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

### DISCUSSION

A review of the record and relevant case law indicates that the decision of the Commissioner should be reversed and remanded to determine the functional demands of the plaintiff's past relevant work and to continue the sequential evaluation process if necessary.

### MEETS OR EQUALS A LISTING

Plaintiff first argues that the administrative law judge erred in not considering whether his CFS and depression met or

equaled Listed Impairment 12.04 for affective disorders.

For a plaintiff to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment. 20 CFR § 416.926(a) (1989) (a claimant's impairment is "equivalent" to a listed impairment "if the medical findings are at least equal in severity" to the medical criteria for "the listed impairment most like [the claimant's] impairment"); SSR 83-19, at 91 (a claimant's impairment is "equivalent" to a listing only if his symptoms, signs, and laboratory findings are "at least equivalent in severity to" the criteria for "the listed impairment most like the individual's impairments(s); when a person has a combination of impairments, "the medical findings of the combined impairments will be compared to the findings of the listed impairment most similar to the individual's most severe impairment"). A plaintiff cannot qualify for benefits under the "equivalence" step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment. SSR 83-19, at 91-92 ("[I]t is incorrect to consider whether the listing is equaled on the basis of an assessment of overall functional impairment.... The functional consequences of the impairments ... irrespective of

their nature or extent, cannot justify a determination of equivalence") Sullivan v. Zebley, 493 U.S. 521, 531-532 (1990).

Plaintiff argues that since he has depression and anxiety related to CFS, he should have been evaluated under Listing 12.04, Affective Disorders which requires:

> A. Medically documented persistence, either continuous or intermittent, of one of the following:
> 1. Depressive syndrome characterized by at least four of the following:
> a. Anhedonia or pervasive loss of interest in almost all activities; or
> b. Appetite disturbance with change in weight; or
> c. Sleep disturbance; or
> d. Psychomotor agitation or retardation; or
> e. Decreased energy; or
> f. Feelings of guilt or worthlessness; or
> g. Difficulty concentrating or thinking; or
> h. Thoughts of suicide; or
> i. Hallucinations, delusions, or paranoid thinking

Prong B requires Plaintiff to have marked limitations in two of the four listed criteria. The four criteria for Prong B are marked restriction of activities of daily living; or marked difficulties in maintaining social functioning; or marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

The record here contains the report of a doctor of clinical psychology, Douglas R. Ritz, who examined the plaintiff on

February 5, 2005, and concluded that the plaintiff did not meet or equal the B criteria of Listing 12.04 for affective disorders. This report alone provided substantial evidence to support the administrative law judge's determination. That determination should therefore be upheld.

## PAST RELEVANT WORK

The administrative law judge determined that the plaintiff was not entitled to an award of benefits because he could perform his past relevant work as a security officer as it is generally performed in the national economy. However the administrative law judge did not comply with the Commissioner's regulations in reaching his conclusion. The administrative law judge did not develop the record to determine the work demands of a security officer's work as it is performed in the national economy beyond its exertional level and its skill level despite his determining that the plaintiff's ability to perform light work "is further restricted to preclude more than occasional stooping, crouching, kneeling; no climbing of ladders, ropes, and scaffolds, balancing, or crawling; and no exposure to vibration or loud background noise. He should work alone or with a small group of coworkers." (Tr. 20).

Social Security Ruling 82-62 states the policy and explains the procedures for determining a disability claimant's capacity

to do past relevant work as set forth in the regulations as follows.

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).
>
> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived form a detailed description of the work obtained from

>the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience. In addition, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work. Persons with physical impairments (e.g., cardiovascular or gastrointestinal disorders) may have performed stressful tasks. This may also require a decision as to whether the impairment is compatible with the performance of such work. If more than one job was performed during the 15-year period, separate descriptions of each job will be secured.

The administrative law judge did not elicit testimony from the plaintiff or from any vocational expert regarding the specific characteristics of the security guard work to determine if the plaintiff could perform the work considering the restrictions in the plaintiff's ability to do the limited light work which the administrative law judge found. The administrative law judge's analysis merely states in a conclusory manner that, "The specific characteristics of the work do not include any nonexertional activities precluded by the claimant's residual functional capacity." (Tr. 27). That unreasoned conclusion is unreviewable here so that it cannot be said that substantial evidence of record supports it. Accordingly, the

decision of the Commissioner herein should be reversed, and this matter remanded with instructions to perform an analysis of the functional demands of Plaintiff's past relevant work and to continue the sequential evaluation process if necessary.

## REOPENING PRIOR APPLICATIONS

Lastly, the plaintiff argued that the administrative law judge erred in declining to reopen the prior June 2002 claim because new and material evidence had been submitted, that is an October 21, 2002, examination and evaluation by Dr. McCain. (Tr. 207-216).

20 C.F.R. § 404.988 governs an administrative law judge's decision to reopen a determination and reads in relevant part:

> A determination, revised determination, decision, or revised decision may be reopened-
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
>
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or
>
> (c) At any time if... .

20 C.F.R. § 404.989(a)(1) states that the Commissioner will "find that there is good cause to reopen a determination or decision if-(1) New and material evidence is furnished ...." Id.

However, the court cannot sit in judgment of that determination. Even if the plaintiff's submitted evidence was new and material, the administrative law judge has the discretion

11

not to reopen the decision and any alleged failing in that regard is unreviewable.  The Fourth Circuit in <u>Monger v. Bowen</u>, 817 F.2d 15 (4th Cir. 1987) expressly concluded that both subsections (a) and (b) of Section 404.988 are subject to the discretionary word "may" employed by the regulation.  <u>Monger</u>, 817 F.2d at 18.  For the court to take jurisdiction to determine the legal propriety of the Commissioner's application of its own regulations would be to ignore the holding of <u>Califano v. Sanders</u>, 430 U.S. 99 (1997): Section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."  <u>Califano</u>, 430 U.S. at 108.

The Commissioner's decision not to reopen Plaintiff's 2000 application is unreviewable under <u>Califano</u>.  However Plaintiff filed another application for supplemental security income benefits in February 2003, and filed an application for disability insurance benefits in March 2003, that were denied initially and upon reconsideration.  Since the administrative law judge in the instant case ruled the Plaintiff had not been disabled since June 18, 2002, he implicitly reopened that 2003 application.  Indeed, at oral argument before the undersigned, the Commissioner agreed that the 2003 application had been implicitly reopened.

**CONCLUSION**

Accordingly for the aforementioned reasons it is recommended that, pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3), and the case be remanded to the Commissioner to take appropriate action regarding the functional requirements of the plaintiff's past relevant work and to continue the sequential evaluation process if necessary.  See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 21, 2009